United States District Court
For the Northern District of California

\*\* E-filed March 9, 2012 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INZAJAT TECHNOLOGY FUND, B.S.C., <br><br> Plaintiff, <br> v. <br><br> HAMID NAJAFI, <br><br> Defendant. <br> _____/ | No. C11-04133 <br><br> **ORDER (1) VACATING CONFIRMATION OF ARBITRATION AWARD; (2) REASSIGNING THE CASE TO A DISTRICT JUDGE; AND** <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff Inzajat Technology Fund, B.S.C. ("Inzajat") brought this action to enforce an arbitration award entered in London between it and defendants Hamid Najafi and Michael Cummiskey.[1] Inzajat is a Bahraini fixed term venture capital fund that sought to invest in Broadlink Research FX LLC ("Broadlink"). Najafi, who currently resides in the United Arab Emirates, was the chief executive officer of Broadlink at all times relevant to this action.

Inzajat petitioned the court for an order confirming the award, which this court granted on January 20, 2012. Dkt. No. 23. At the time the court entered its order, Inzajat had consented to the undersigned's jurisdiction, but Najafi had not. Although he was served with the summons and petition to confirm the arbitration award on August 25, 2011, Najafi did not oppose it and only filed an appearance after this court had already entered its order. After his appearance, the court set a deadline of March 5, 2012 for Najafi to consent to the undersigned's jurisdiction. He has not done

---

[1] Cummiskey was subsequently voluntarily dismissed. Docket No. 22.

so. Because not all parties have consented to proceed before a magistrate judge, this court is unable to provide the dispositive relief sought by plaintiffs.

Accordingly, because the court's order confirming the arbitration award was improvidently issued, it is now VACATED, and the court ORDERS the Clerk of the Court to reassign this case to a district court judge. For the reasons stated below, the undersigned RECOMMENDS that the district judge confirm the arbitration award.

The March 20, 2012 hearings on plaintiff's pending motion for Entry of Judgment, and defendant's pending motion for a Stay of Enforcement of Judgment are VACATED. The parties may renotice them before the to-be-assigned district judge.

DISCUSSION

A. Authority to Confirm a Foreign Arbitral Award

This court's authority to hear and rule on a petition to confirm a foreign arbitration award arises under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), implemented by the Federal Arbitration Act. 21 U.S.T. 2517; 9 U.S.C. 203 ("[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States."). On application by a party to an arbitral award under the Convention, the Federal Arbitration Act compels a court to issue "an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9. U.S.C. § 207. [The Ninth Circuit] must confirm an arbitration award falling under the New York Convention unless we determine that "one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [sic] said Convention." Polimaster Ltd. v. RAE Sys., 623 F.3d 832, 835-836 (9th Cir. 2010) (quoting 9 U.S.C. § 207).

The court must confirm the arbitration award unless one of the seven enumerated grounds for refusal or deferral is established. See 21 U.S.T. 2517, Art. V. In his recently filed Motion to Stay Enforcement of Judgment, Najafi has not raised any of the enumerated grounds for refusal to confirm the award. Upon its own review of the possible rounds for refusal to confirm an award, this court believes that none are applicable here. As the court is not aware of any evidence that there are

grounds for refusal or deferral of enforcement, it recommends that the district judge confirm the arbitration award.

B. <u>Jurisdiction Over Najafi</u>

Hamid Najafi is a resident of the United Arab Emirates ("UAE") and was served with the summons and petition in the UAE, but plaintiff alleges that he owns real property in this district. <u>See</u> Docket No. 19, Exh. 1 ("Dharwarkar Declaration").

When subject matter jurisdiction is based on a federal question, the exercise of personal jurisdiction over a *non-resident defendant* must be authorized by a rule or statute and consistent with the constitutional principles of due process. Fed. R. Civ. P. 4(k)(1)(A). Normally, *quasi in rem* jurisdiction is not sufficient to establish the minimum contacts required for personal jurisdiction, but "minimal contacts are not required for a court to exercise jurisdiction over assets to permit a party to collect on an arbitration award." <u>CME Media Enters. B.V. v. Zelezny</u>, 2001 U.S. Dist. LEXIS 13888 (S.D.N.Y. Sept. 10, 2001); <u>see also</u> <u>Glencore Grain</u>, 284 F.3d at 1122 ("due process requires that the district court have jurisdiction over the defendant against whom enforcement is sought *or his property*") (emphasis added).

Typically, *quasi in rem* jurisdiction is insufficient to establish personal jurisdiction over a non-resident defendant. However, in an action to confirm or enforce an arbitration award, a court may exercise jurisdiction over a non-resident defendant's property. <u>Id.</u> Accordingly, the undersigned recommends that the district judge exercise jurisdiction over Najafi's property in the district, and, enter an order confirming the award that is enforceable against Najafi's interest that property.

C. <u>Recommended Order to Confirm Arbitration Award</u>

The Petition of Inzajat Technology Fund B.S.C. ("Inzajat") for an order confirming the arbitration award issued by Arbitrator James Evans on July 25, 2011 in the matter of *Inzajat Technology Fund B.S.C. v. Najafi, et al.*, Case No. 15982/JEM/MLK/ARP (the "Award") is granted. IT IS HEREBY ORDERED THAT the Award is confirmed as to Respondent Hamid Najafi under Section 207 of the Federal Arbitration Act. Inzajat is entitled to costs of suit herein. Upon confirmation of the Award, entry of judgment is warranted and such judgment shall be enforceable against Dr. Najafi's equity in the following properties:

- 26646 Altamont Road, Los Altos Hills, California 94022 (County of Santa Clara)[2]
- 6509 Lakeville Highway, Petaluma, California 94954 (County of Sonoma).[3]

9 U.S.C. § 207.

Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

Dated: March 9, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] Legal Description of 26645 Altamont Road, Los Altos Hills, California 94022—This land is situated in the County of Santa Clara, City of Los Altos Hills, State of California, and is described as follows: Lot 12, as shown upon that certain Map, entitled "Tract No. 4116 Champagne Heights," which Map was filed for record in the Office of the Recorder of the County of Santa Clara, State of California, on February 4, 1966 in Book 205 of Maps at Page 16 (Assessor's Parcel No. 182-20-013.

[3] Legal Description of 6509 Lakeville Highway, Petaluma, California 94954—This land is situated in the unincorporated area, County of Sonoma, City of Petaluma, State of California, and is described as follows:

Parcel A: Parcel 1, as shown on that certain map entitled "Parcel Map No, 90-522," filed in the office of the County Recorder of Sonoma County, State of California, on February 5, 1993, in Book 503, at pages 20 through 22, Sonoma County Records.

Parcel B: An easement for private roadway and public utilities over and along the 60 foot wide strip shown along the Northwesterly line of Lot 3, as shown on Map filed August 18, 1987, in Book 401 of Maps, at pages 24 through 27, inclusive, Sonoma County Records.

Parcel C: An easement for private roadway and public utilities over and along the 40 foot wide strip shown along the Southerly line of Lot 3, as shown on Map filed August 18, 1987, in Book 401 of Maps, at pages 24 through 27, inclusive, Sonoma County Records.

Parcel D: An easement for private roadway and public utilities over and along the 40 foot wide strip shown adjacent to the Northwesterly line of Lot 2, and in said Lot 2, as shown on Map filed August 18, 1987, in Book 401 of Maps, at pages 24 through 27, inclusive, Sonoma County Records.

(Assessor's Parcel No. 068-110-033-000).

4

**C11-04133 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Dean Hansell | dhansell@dl.com |
| Daniel Ballon | dballon@dl.com |
| Jennifer Cabrera | jennifer@dantanlaw.com |
| Brian Affrunti | baffrunti@bwslaw.com |
| Douglas Dal Cielo | ddalcielo@bwslaw.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California